EGGLESTON and others *v.* CENTENNIAL MUT. L. ASS'N OF IOWA.[1]

*(Circuit Court, E. D. Missouri.*  December 3, 1883.)

INSURANCE—MUTUAL ASSOCIATION POLICY—CONTRACT AS TO ENFORCEMENT.

Where a clause of a policy issued by a mutual insurance company provided that the only action maintainable on the policy should be to compel the association to levy the assessments agreed upon, and that if a levy were ordered by the court the association should only be liable for the sum collected, *held*, that the provision was valid, and that the only mode of enforcing the policy in the first instance was by proceedings in chancery.

*Lueders' Ex'r* v. *Hartford L. & A. Ins. Co.* 12 FED. REP. 465, distinguished.

At Law.   Suit upon a policy of insurance issued by defendant. Motion to strike out that part of defendant's answer in which it pleads in bar of the action the following clause of the policy sued on, viz.:  "The only action maintainable on this policy shall be to compel the association to levy the assessments herein agreed upon, and if a levy is ordered by the court, the association shall be liable under this policy only for the sum collected under an assessment so made." The other material facts are sufficiently stated in the opinion.   For opinion on demurrer to the petition see 18 FED. REP. 14.

*George D. Reynolds,* for plaintiffs.

(1) The clause set up as a bar is void, as an attempt to oust the courts of law of all jurisdiction, and as an attempt by contract to control the courts of law in applying a remedy for the breach of the obligations of the contract.   Cooley, Const. Lim. (3d. Ed.) §§ 288, 361 ; 1 Story, Eq. Jur. § 670; 2 Story, Eq. Jur. § 1457; *Stephenson* v. *Piscataqua F. & M. Ins. Co.* 54 Me. 55, and cases there cited ; *Schollenberger* v. *Phœnix Ins. Co.* 6 Reporter, 43 ; *Yeomans* v. *Girard F. &*

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

*M. Ins. Co.* 5 Ins. Law J. 858; *Smith* v. *Lloyd,* 26 Beav. 507; *Trott* v. *City Ins. Co.* 1 Cliff. 439; *Millaadon* v. *Atlantic Ins. Co.* 8 La. 557; *Nute* v. *Hamilton Mut. Ins. Co.* 6 Gray, 174; *Cobb* v. *New Eng. M. M. Ins. Co.* Id. 192; *Amesbury* v. *Bowditch M. F. Ins. Co.* Id. 596; *Allegro* v. *Ins. Co.* 6 Har. & J. (Md.) 413.

(2) The condition at most is a collateral condition, not a condition precedent. Cases *supra;* also, *U. S.* v. *Robeson,* 9 Pet. 326; *Dawson* v. *Fitzgerald,* 24 W. R. 773, (also 3 Cent. Law J. 477;) *Scott* v. *Avery,* 5 H. L. Cas. 811.

(3) A plea setting up an agreement to arbitrate is bad in an action at law. *Tscheider* v. *Biddle,* 4 Dill. 55. See, further, *Liverpool, L. & G. Ins. Co.* v. *Creighton,* 51 Ga. 95; *Kill* v. *Hollister,* 1 Wils. 129; *Goldstone* v. *Osborn,* 2 Car. & P. 550; *Roper* v. *Lendon,* 28 Law J. Q. B. 260; *Alexander* v. *Campbell,* 41 Law. J. Ch. 478; *Robinson* v. *George's Ins. Co.* 17 Me. 131; *Tobey* v. *Co. of Bristol,* 3 Story, C. C. 800.

(4) In a case like this, where the company refuses to make an assessment, the amount of recovery is the maximum amount named in the certificate. *Lueders' Ex'r* v. *Hartford L. & A. Ins. Co.* 12 FED. REP. 471. And the averments are made in the amended petition sufficiently distinct to bring it within the rule announced in *Curtis* v. *M. B. L. Co.* 48 Conn. 98.

(5) The *prospectus* is a part of the policy and both are to be construed together. Bliss, Life Ins. §§ 397–400; May, Ins. §§ 355, 356; *Ruse* v. *Mut. L. Ins. Co.* 24 N. Y. 653; *Cent. Ry. Co.* v. *Kisch,* L. R. 2 H. L. Cas. 99; *Wheelton* v. *Hardisty,* 8 El. & Bl. 282; *Wood* v. *Dwarris,* 11 Exch. 493.

*Davis & Davis* and *Newman & Blake,* for defendant.

TREAT, J. A motion has been filed to strike out parts of the answer to this amended petition, which motion raises the same question heretofore decided, varied, it is contended, by new averments. It is stated in the amended petition that defendant "guarantied" payment of the maximum stated in the policy; but there is nothing to sustain such an allegation; indeed, the whole tenor and scope of the policy is to the contrary. It is further averred that the defendant refused, as agreed, to make the stipulated assessments on policy-holders, whereby it became liable for the maximum amount, despite the positive terms of the contract; and liable also, in an action at law, regardless of the express agreement that resort should be had only to proceedings in equity to enforce assessments. In deciding the demurrer to the original petition, leave was given to the plaintiff to file a bill to compel an assessment; but, instead of filing a bill for that purpose, he has filed an amended petition at law, which leaves the case just as it was before, so far as legal propositions are involved. The contract of insurance was peculiar, as under its terms the respective persons insured were bound to contribute to death losses according to the shifting provisions mentioned; and the defendant bound itself merely

to pay over what should be assessed and collected—nothing more; and to make it certain and definite that its obligation was not to extend further, it was expressly agreed that it should be liable only to the stipulated proceedings in equity.

It is contended that the restrictive clause as to the remedy is void, and many cases are cited in support thereof, supposed to be analogous. That question was previously before this court and involved in its decision on the demurrer, wherein an adverse conclusion was reached; from which there in no reason to depart. Indeed, if the subject were driven to a full analysis it would appear that a different conclusion would involve many strange absurdities. The parties agreed, one with the other, to many rules for determining their respective obligations and liabilities, dependent on the number of persons assured, the amounts for which they were respectively assured, etc., and to make sure as to the obligations of the defendant, and the means of enforcing the same in the only just, feasible, and equitable manner, stipulated that only a suit in equity should be resorted to. How else could it be ascertained what was done to the plaintiffs? An assessment must be made, dependent on the shifting conditions mentioned in the policy, collections enforced, etc.; defendant being liable only for the amount of assessments collected. It did not agree to pay any fixed sum, but merely to pay the amount collected from assessments, not exceeding the sum limited; and therefore provided for appropriate proceedings in equity to adjust the dispute, if any, between the parties. It is not for the court to comment on the wisdom or folly of such contracts. If parties choose to enter into them, they are bound by their terms, in the absence of fraud, unless they are *contra bonos mores*. There is nothing shown to void the agreement the parties voluntarily entered into, and hence this court adheres to the decision heretofore made in this case, viz., that redress must be sought in equity alone.

The views of this court in a case somewhat like that under consideration were limited, and suggestively, in the published opinion then given. *Lueders' Ex'r* v. *Hartford L. & A. Ins. Co.* 12 FED. REP. 465. It is not held that there may not be cases where resort can be had to a common-law remedy under contracts like that in question, but it is held, as expressed on demurrer in this case, that the clause in the contract as to the mode of ascertaining the rights of the parties is obligatory, (18 FED. REP. 14,) with the possible exceptions suggested.

Suppose there was not a valid defense, as in the *Lueders Case*, and it was ascertained that a mortuary loss had occurred, how could the amount to be recovered be ascertained? It was hinted that under the facts and circumstances of that case certain rules might obtain; but there was no question there raised as to a contract limitation with respect to the mode of ascertaining the *amount* of the liability. The mode prescribed in this case by the contract between the parties, considering their relations to each other, was the most practicable and

equitable that could be adopted, and does not fall within any of the prohibitory rules stated in the many cases cited, as to ousting courts of jurisdiction, and enforcing or refusing to enforce agreements for arbitration. The answer sets up as a defense the clause in the contract commented upon, which this court has heretofore held, and still holds, to be a valid defense to this action at law.

The motion to strike out is overruled, and the plaintiff left, as heretofore held, to the remedy in equity to which he agreed sole resort should be had.

McCrary, J., concurs.